**E-filed 7/14/05**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| GRIMMWAY ENTERPRISES, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BAYSIDE PRODUCE, INC., et al.,<br><br>Defendants.. | Case Number C 03-01569 JF<br>[consolidated with C 03-01851 JF]<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT<br><br>[Docket No. 60] |

Plaintiffs move for summary judgment against Defendants Bayside Produce, Inc. ("Bayside") and Wayne Robert Martindale ("Martindale"). Defendants did not oppose the motion or appear for the hearing on July 8, 2005.[1] For the reasons set forth below, the motion will be granted.

**I. BACKGROUND**

Bayside was a company engaged in the purchase and sale of perishable agricultural commodities in interstate and foreign commerce. Bayside was founded in 1997 by Martindale, Donald Beucke ("Beucke") and Keith Keyeski ("Keyeski"), each of whom owned a one-third

---

[1] Counsel for Bayside and Martindale was terminated on May 20, 2004. Counsel withdrew because Martindale left no address or phone number at which he or Bayside could be contacted. Plaintiffs' motion was served upon Martindale at his last known address.

share in the company. Keyeski Decl. ¶ 2. As president of Bayside, Martindale controlled the finances and day-to-day operations of the company. *Id.* Bayside was licensed to do business by the United States Department of Agriculture ("USDA") and was subject to the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e, et seq. First Amended Complaint ("FAC") ¶ 32. Answer to FAC ¶ 1. Throughout late 2002 and early 2003, Bayside made a series of purchases of perishable agricultural commodities from each Plaintiff, totaling $443,751.70. Quesenbery Decl., Ex. 6. Bayside did not make payments on any of those purchases. *Id.* Bayside is now defunct.[2] Keyeski Decl. ¶ 3.

On April 14, 2003, Grimmway Enterprises, Inc. ("Grimmway") filed the instant action against Bayside, Martindale, and Beucke, alleging breach of contract, unjust enrichment, conversion, and violations of PACA ("First Action"). On April 24, 2003, Wilson-Batiz of California, LLC ("Wilson-Batiz"), CB Distributing, LLP ("CB") and George Amaral Ranches, Inc. ("Amaral") filed a similar action against Bayside, Martindale, Beucke and Keyeski ("Second Action"). Plaintiffs allege, and Defendants concede, that "[p]ursuant to 7 U.S.C. § 499e(c)(1)-(4) of the PACA, upon receipt of the produce sold by Plaintiffs to Defendant [Bayside], Plaintiffs became the beneficiary of a floating, nonsegregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities." FAC ¶ 63; Answer to FAC ¶ 1. On June 10, 2003, the court in the Second Action approved a procedure by which additional parties could make PACA trust claims against Bayside. Unless disputed by Bayside, all claims were to be deemed valid. Bayside did not dispute any of the claims. Twenty-four additional parties made PACA trust claims against Bayside and became parties to the instant action. The First Action and Second Action were consolidated and reassigned to this Court on September 15, 2003.

The Court previously has approved two stipulated orders to distribute to Plaintiffs funds

---

[2] The California Secretary of State website lists Bayside as a suspended corporation, and the USDA website indicates that Bayside's license has been terminated. Quesenbery Decl. ¶ 9.

1  collected from Bayside's assets.³ To date, a total of $180,727.75 of the $443,751.70 debt has
2  been paid to Plaintiffs, leaving an outstanding debt of $263,023.95. Plaintiffs have settled with
3  Beucke and Keyeski, leaving Bayside and Martindale as the sole remaining defendants.

## II. LEGAL STANDARD

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of informing the Court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

If the moving party meets this initial burden, the burden shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *Anderson*, 477 U.S. 242, 248-49; *Barlow v. Ground*, 943 F.2d 1132, 1134-36 (9th Cir. 1991).

## III. DISCUSSION

Plaintiffs move for summary judgment against Bayside and Martindale, jointly and severally, for the outstanding debt amount of $263,023.95, plus post-judgment interest and pre-judgment interest from February 1, 2003 at a rate of 10% per annum, recoverable from any remaining Bayside assets that may be located prior to full payment of the debt. Defendants have conceded that Bayside operated subject to the provisions of the PACA and that each Plaintiff has a valid PACA trust claim against Bayside by virtue of the fact that no such claims were disputed

---

³ The first order was issued on January 4, 2004, and the second order was issued on May 18, 2004. Both orders approved of distribution charts allocating funds to each Plaintiff. The distribution chart associated with the second order includes an additional party, Coast International Marketing, Inc., who did not timely file a PACA trust claim against Bayside due to being inadvertently excluded from the list of parties notified of the PACA trust claim procedures.

Case No. C 03-01569 JF
ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
(JFEX2)

by Bayside. FAC ¶32; Answer to FAC ¶ 1.

The Ninth Circuit has held that "individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable." *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 283 (9th Cir. 1997). Martindale has conceded to being "an officer, director, and/or shareholder" of Bayside, FAC ¶ 29; Answer to FAC, and Plaintiffs have offered undisputed evidence that Martindale oversaw the finances and day-to-day operations of Bayside and was, therefore, in a position to control PACA trust assets, Keyeski Decl. ¶ 3. Based upon this record, the Court holds that Martindale may be held personally liable for Bayside's PACA trust debt. The Court further holds that Plaintiffs are entitled to any remaining Bayside assets that may be located prior to full payment of the debt.[4] *See Middle Mountain Land & Produce, Inc. v. Sound Commodities, Inc.*, 307 F.3d 1220, 1224 (9th Cir. 2002) ("[T]he enactment of the PACA [trust provisions] elevated the claims of unpaid perishable agricultural suppliers over all other creditors."). Plaintiffs also are entitled to pre-judgment interest from February 1, 2003 and post-judgment interest at a rate of 10% per annum pursuant to Cal. Civ. Code § 3289(b).

This ruling applies only to Plaintiffs' claims for violations of the PACA trust provisions, as these are the only claims addressed in Plaintiffs' moving papers. The First Amended Complaint also alleges breach of contract, unjust enrichment, and conversion. Within ten days after service of this order, Plaintiffs shall file a notice advising the Court if and how they intend to proceed on these claims.

### IV. ORDER

Good cause therefore appearing, IT IS HEREBY ORDERED that Plaintiffs' motion for summary judgment against Bayside Produce, Inc. and Wayne Robert Martindale is GRANTED.

---

[4] It appears at the current time, however, that all Bayside assets have been distributed.

1  DATED: 7/14/05

3                                              /s/electronic signature authorized
                                               JEREMY FOGEL
4                                              United States District Judge

5

1  This Order has been served upon the following persons:

2  Lawrence Henry Meuers        lmeuers@meuerslawfirm.com
                                kkoestner@meuerslawfirm.com, jrearden@meuerslawfirm.com
3
   Paul William Moncrief        paul@lomgil.com
4
   Marion I Quesenbery          marion@rjlaw.com
5